**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2054
_____

UNITED STATES OF AMERICA

v.

LUIS GOMEZ,
　　　　　　　　　Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:19-cr-00551)
U.S. District Judge:  Hon. Edward G. Smith and Hon. Joseph F. Leeson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 29, 2026
_____

Before: SHWARTZ, PHIPPS, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 6, 2026)
_____

OPINION*
_____

_____

　　* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Luis Gomez appeals his drug convictions and sentence. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We agree and will grant the motion and affirm.

I

Gomez was indicted for possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2).[1] After the jury was empaneled and before opening statements, Gomez informed the District Court that he wished to plead guilty to all charges without a plea agreement.

The District Court conducted a plea proceeding, at which Gomez initially told the District Court that he was pleading guilty because he believed he would lose at trial. The Court informed Gomez that if he contended that he did not commit the crime, then it would not accept his guilty plea. Gomez responded that he was guilty and did not wish to proceed to trial. During the ensuing colloquy, the District Court confirmed that Gomez:

---

[1] During the search of Gomez's home, agents recovered 441.5 grams of pure methamphetamine, an extended magazine containing twenty-six live rounds of 9mm Winchester ammunition, a ballistic vest, a loaded 9mm pistol, and a blender containing apparent drug residue.

2

(1) was pleading guilty knowingly and voluntarily, (2) agreed that there was a factual basis for the charges, and (3) understood the consequences of his guilty plea.

At the sentencing hearing, there were no objections to the District Court's determination that the applicable Sentencing Guidelines range was 228 to 270 months' imprisonment based on a total offense level of thirty-two, a criminal history category of IV, and a statutory minimum consecutive sentence on Count 3. The District Court declined to depart downward based on Gomez's claim of overrepresented criminal history, and it considered the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, Gomez's apparent lack of remorse, and the need to deter criminal conduct and avoid unwarranted sentencing disparities. The Court then sentenced Gomez to 228 months' imprisonment followed by five years' supervised release, a $2,000 fine, and a $400 special assessment.

Gomez appeals, and his counsel moves to withdraw under Anders.

## II[2]

### A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file a motion to withdraw and a supporting brief when counsel

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

3

has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>Youla</u>, 241 F.3d at 300. An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the <u>Anders</u> brief to see if counsel: (1) thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, and (2) explained why those issues are frivolous. <u>See</u> <u>United States v. Langley</u>, 52 F.4th 564, 569 (3d Cir. 2022); <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000). If the <u>Anders</u> brief meets these requirements, "we confine our scrutiny to those portions of the record identified." <u>Youla</u>, 241 F.3d at 301.

Defense counsel's <u>Anders</u> brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues warranting appeal. First, the brief demonstrates a thorough examination of the record and identifies as potentially appealable issues: (1) the District Court's jurisdiction, (2) the validity of Gomez's guilty plea, and (3) the reasonableness of Gomez's sentence. Second, the brief explains why any challenge to the Court's jurisdiction, conviction, or sentence would be frivolous. Counsel's <u>Anders</u> brief is therefore sufficient, and we will proceed to review the issues

4

counsel identified.[3]

B

1

Gomez's counsel correctly noted that the District Court had jurisdiction. United States district courts have jurisdiction over federal offenses. 18 U.S.C. § 3231. Gomez was indicted for violating 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i), and 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 856(a)(2), which are federal offenses. Thus, there is no issue of arguable merit concerning the District Court's jurisdiction.

2[4]

The record shows that Gomez's plea complied with the Constitution and Federal Rule of Criminal Procedure 11.[5] Boykin v. Alabama, 395 U.S. 238, 242 (1969); Fed. R. Crim. P. 11(b). During the plea hearing, the District Court questioned Gomez to confirm

---

[3] Gomez did not file a pro se brief even though he had an opportunity to do so.

[4] Because Gomez did not challenge the validity of his guilty plea before the District Court, we review for plain error. United States v. Lessner, 498 F.3d 185, 192-93 (3d Cir. 2007).

[5] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Accordingly, Rule 11 requires that a district court advise the defendant, among other things, of "the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those Guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (internal quotation marks, citations, and alterations omitted). The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id. at 203.

his competence, ensure he understood the charges against him, and review his constitutional rights, including that he could plead not guilty and proceed to trial with the assistance of counsel who could cross-examine witnesses, that he had a right to testify or not testify and subpoena witnesses, and that the jury would presume him innocent, unless and until the Government proved his guilt beyond a reasonable doubt. The Court also informed Gomez of the maximum and mandatory minimum penalties he faced and explained that, in its sentence, it would consider but could depart from the Guidelines range. The Court engaged in a lengthy colloquy with Gomez to confirm that he was pleading guilty knowingly and voluntarily.[6] Finally, the Court found a factual basis for Gomez's guilty plea and that he pleaded guilty knowingly and voluntarily, understanding his rights and the consequences of his plea. Therefore, there is no issue of arguable merit with respect to the validity of Gomez's plea.

3[7]

Gomez's sentence is also procedurally and substantively reasonable. With respect to procedural reasonableness, the District Court followed the required sentencing framework by: (1) correctly calculating the Guidelines range based on the admitted facts and Gomez's criminal history, and (2) meaningfully considering the § 3553(a) factors,

---

[6] Indeed, the District Court initially refused to accept the plea because Gomez suggested that he was only pleading guilty because he thought he would lose at trial and accepted the plea only after Gomez unequivocally admitted guilt multiple times.

[7] Because Gomez did not object to the procedural reasonableness of his sentence before the District Court, we review any procedural challenge to his sentence for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46, 51 (2007).

including the seriousness of the offense, Gomez's apparent lack of remorse, and the need to adequately deter criminal conduct and avoid unwarranted sentencing disparities. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

The sentence was also substantively reasonable because we cannot say "no reasonable sentencing court would [not] have imposed the same sentence . . . for the reasons the district court provided." Id. at 568. First, the sentence was within the applicable Guidelines range and is thus presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007). Second, Gomez's sentence reflects consideration of the seriousness of his conduct and the need for punishment and deterrence. Thus, any challenge to the substantive reasonableness of Gomez's sentence is meritless.

III

Because counsel thoroughly examined the record and identified no nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm.